REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of his action for property damage. .
On a “very snowy” day in New Orleans (“the- only day [it snowed] that year”), plaintiff was driving about 25 mph in his outer lane of a four-lane two-way street as he approached an intersection on a green light. Two vehicles were stopped in his left lane at the intersection.
Defendant was headed in the opposite direction, but was stopped in the broad neutral ground area of the intersection, intending a left turn. The lead vehicle facing defendant signalled him on, he testified, and, unable to see any vehicle in the outer oncoming lane, he started his left turn. Because of the snow, his wheels skidded and he proceeded slowly. As he passed in front of the waiting car, he saw plaintiff’s vehicle but could not accelerate on the snow to escape danger. He was struck on the right rear fender by plaintiff, who braked but, presumably also due to the snow, skidded and was unable to stop in time or swerve sufficiently to avoid collision.
Defendant admitted his “mistake” or negligence under the circumstances. The trial court’s judgment presumably found plaintiff contributorily negligent.
We believe the evidence sufficient to support the inference that, but for the snow, (1) defendant had time to clear and would have fully cleared the intersection without collision and (2) plaintiff would not have skidded but would have been able to stop in time to avoid the collision. The trial judge could reasonably conclude that each driver was negligent in failing to properly allow for the snow: defendant by attempting a turn on snow without a clear view and plaintiff by driving 25 mph into an intersection in snow without a clear view. We cannot say this conclusion is erroneous.
Affirmed.